

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00822-CR

Robert **MARTINEZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 307125
Honorable John Longoria, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed:  March 14, 2018

DISMISSED FOR WANT OF JURISDICTION

Appellant Robert Martinez Jr. asserts he was wrongfully convicted in Bexar County Court at Law No. 5 of the offense of Driving While Intoxicated. The limited record we have for that trial court cause number shows Appellant was indicted on April 17, 1983—almost thirty-five years ago—and the trial court's record has since been destroyed.

On December 1, 2017, Appellant filed a motion for leave to file a late notice of appeal for his 1980s conviction. Appellant's notice of appeal was due sometime in the early 1980s. *See* TEX. R. APP. P. 26.2(a)(1). Because it appeared that Appellant's December 1, 2017 motion for leave to

file a late notice of appeal was filed decades too late, on January 18, 2018, we ordered Appellant to show cause in writing by February 7, 2018, why this court should not dismiss his appeal for want of jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1), 26.3.

On February 15, 2018,[1] this court received Appellant's response stating he received our January 18, 2018 order. Appellant asked for more time to respond. We grant his request and deem his response timely filed. In his response, he states he "believes this is an extraordinary case which he will request this court to invoke it's [sic] jurisdiction."

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522. A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Here, Appellant's decades-late notice of appeal does not meet the requirements to invoke this court's jurisdiction. We dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] On January 29, 2018, this court received our January 18, 2018 order by returned mail—that indicated Appellant's address had changed due to his relocation to a different penal institution. On February 6, 2018, after this court received a second returned mail order and a second notice that Appellant's address had changed, we again mailed the January 18, 2018 order to Appellant at a corrected address, and he acknowledges he received the order.